IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX GOLDOVSKY, GLYNN FRECHETTE, JOHN KRUPEY and KRISTIN SCHARF, Individually and on Behalf of All Others Similarly Situated, | No. 4:25-CV-00923 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| CITIZENS & NORTHERN BANK, | |
| Defendant. | |

**MEMORANDUM OPINION**

**DECEMBER 30, 2025**

## I.  BACKGROUND

Plaintiffs Alex Goldovsky, Glynn Frechette, John Krupey, and Kristin Scharf (collectively "Plaintiffs") filed suit against Defendant Citizens & Northern Bank ("Defendant") on behalf of themselves and all other persons similarly situated in a class action.[1] This was not the first suit filed, though; Plaintiffs had originally sued Defendant and others in the Western District of Texas.[2] In that suit, *Goldovsky, et.*

---

[1]  Doc. 1 (Compl.). The Court does not restate the facts alleged in the complaint, instead reiterating only those relevant to the instant decision of the Court.

[2]  Doc. 1; Doc. 19 (Br. in Supp.) at 4.

*Al. v. Rauld, et al.*, Defendant was dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[3]

Plaintiffs then filed the instant suit in this Court, as Defendant has its principal place of business in Wellsboro, Tioga County, Pennsylvania, which is within the jurisdiction of the Middle District of Pennsylvania.[4] Plaintiffs filed the complaint on May 23, 2025,[5] raising violations of the Texas Securities Act, set out in §§ 4008.051, 4008.052, and 4008.055(c) of the Texas Government Code.[6] Specifically, Plaintiffs sued Defendant for aiding and abetting violations of the Texas Securities Act.[7] Plaintiffs also filed a motion to certify class.[8]

On July 28, 2025, Defendant timely filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is granted with prejudice.

## II.   ANALYSIS

Defendant alleges a variety of defects in Plaintiffs' complaint, including that it is barred by the statute of limitations; that Pennsylvania law should govern instead

---

[3] No. 6:24-CV-00159-ADA-DTG, 2025 WL 942620, at *4 (W.D. Tex. Feb. 28, 2025) *report and recommendation adopted at Goldovsky, et al. v. Rauld, et al.*, No. 6:24-CV-00159, 2025 WL 939688, at *1 (W.D. Tex. Mar. 27, 2025).
[4] Doc. 1 ¶ 23.
[5] Doc. 1.
[6] *Id.* at ¶¶ 128, 132, 135 (Counts I and II).
[7] Doc. 1 ¶¶ 129, 133.
[8] Doc. 22 (Mot. to Cert.).

of Texas law; and, substantively, that the claim is deficient under either Pennsylvania or Texas law.

The Court need not delve into the more substantive issues, as the complaint is barred by the Pennsylvania statute of limitations. The Court is sitting in diversity, as Plaintiffs' claims are brought under the Class Action Fairness Act ("CAFA").[9] As such, as directed by the United States Court of Appeals for the Third Circuit, courts should apply either the Commonwealth of Pennsylvania's statute of limitations, or, when the claim accrues out of state, apply the Pennsylvania "borrowing statute."[10]

The Pennsylvania borrowing statute is a "first-barred" rule, where "the applicable statute of limitations is the shorter of Pennsylvania's and that of the state where the injury occurred."[11] Here, Plaintiffs assert that the Court should not apply Pennsylvania's statute of limitations, pointing to a smattering of cases in other

---

[9] *See* Doc. 1 (Compl.) ¶ 19; *Farina v. Nokia*, 625 F.3d 97, 110 (3d Cir. 2010) ("CAFA operates as an expansion of diversity jurisdiction."); *Lisowski v. Walmart Stores, Inc.*, 552 F. Supp. 3d 519, 530 (W.D. Pa. 2021) ("CAFA is, at base, an extension of diversity jurisdiction.") (internal quotation omitted).

[10] *Oldham v. Pennsylvania State University*, 138 F.4th 731, 750-51 (3d Cir. 2025); *Paradigm SRP, LLC v. McLean*, No. 24-2950, 2025 WL 2659262, at *1 (3d Cir. Sept. 17, 2025) ("A federal district court sitting in diversity applies the forum state's choice-of-law rules."); *Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015); *Schenk v. Piper Aircraft Corp.*, 377 F. Supp. 477, 479 (W.D. Pa. 1974) ("It appears to be well established by the Pennsylvania courts that where a claim is asserted under the law of another state in the Pennsylvania courts the application of the appropriate Pennsylvania statute of limitations, rather than the statute of limitation of the other state is required.") *aff'd*, 521 F.2d 1399 (3d Cir. 1975);

[11] *Oldham*, 138 F.4th at 750-51; 42 Pa. Con. Stat. Ann. § 5521(b) ("The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.").

jurisdictions.[12] In the face of quite clear direction from the Third Circuit on the issue,[13] I do not find Plaintiffs' arguments persuasive and I will apply the well-established framework of this circuit.

In the matter at hand, the Texas Securities Act's statute of limitation provides that suit must be brought within three years after the date of the sale.[14] Looking to Pennsylvania's similar statutes, the Pennsylvania Securities Act ("PSA") provides that actions must be commenced within "one year after the plaintiff receives actual notice or upon the exercise of reasonable diligence should have known of the facts constituting the violation."[15] Plaintiffs, by their own admission, "discovered the fraudulent Ponzi scheme after the United States Securities and Exchange Commission . . . filed suit on May 3, 2023."[16] As applied to the facts of this case, the PSA deadline to file is shorter than that of Texas Securities Act, and, therefore, the PSA deadline controls pursuant to the borrowing statute's guidance. As such, the

---

[12] Doc. 25 (Br. in Opp.) at 12-14.
[13] *See Oldham*, 138 F.4th at 750-51; *Paradigm*, 2025 WL 2659262, at *1; *Stephens*, 796 F.3d at 289.
[14] Tex. Gov't Code § 4008.062(a)(1).
[15] 70 Pa. Cons. Stat. § 1-504. This one-year requirement is true for both registration violations and fraud claims under the PSA. Defendant also points out that Pennsylvania applies a two-year statute of limitations for aiding and abetting. Doc. 27 (Reply Br.) at 10. Either of the two statutes of limitations would bar the claim. Moreover, Plaintiffs do not point to any other parallel causes of action in Pennsylvania law. Therefore, as I find it applicable, I will refer to Defendant's proposed statute of limitations under the PSA as the relevant Pennsylvania comparator for purposes of this inquiry.
[16] Doc. 1 ¶ 2.

4

proper time to file suit in Pennsylvania would have been no later than May 3, 2024.[17] Plaintiffs instead filed the complaint on May 23, 2025, over two years later.[18] Hence, the claim is untimely.

Plaintiffs additionally argue that their claims are preserved by the Pennsylvania savings statute, which allows tolling of a limitations period when an action was previously "commenced" and "terminated" in Pennsylvania state court.[19] Plaintiffs assert that, because the suit would have been timely filed in Pennsylvania when it was originally brought in Texas before being dismissed for lack of personal jurisdiction, the tardiness in filing should be excused.[20] This argument is completely contrary to controlling Third Circuit precedent, which establishes that the Pennsylvania savings statute does not apply to cases first filed out of state.[21]

---

[17] This would be one year after Plaintiffs received actual notice of the facts constituting the violation. Plaintiffs do not dispute that the claim accrued when they discovered the Ponzi scheme on May 3.

[18] Doc. 1 (Compl.).

[19] *Paradigm SRP, LLC v. McLean*, No. 24-2950, 2025 WL 2659262, at *2 (3d Cir. Sept. 17, 2025); 42 PA. CONS. STAT. ANN. § 5535(a)(1); *Royal-Globe Ins. Cos. v. Hauck Mfg. Co.*, 225 A.2d 460, 462 (Pa. Super. Ct. 1975); Doc. 25 (Br. in Opp.) at 18.

[20] Doc. 25 at 18.

[21] *See Paradigm*, 2025 WL 2659262, at *2; *Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 676 (3d Cir. 2008). At the time parties filed briefs in the instant matter, the Third Circuit had not yet affirmed the lower court's decision in *Paradigm SRP, LLC v. McLean*. *See* No. 1:24-CV-00612, 2024 WL 4244851 (M.D. Pa. Sept. 19, 2024) *aff'd* No. 24-2950, 2025 WL 265 9262 (3d Cir. Sept. 17, 2025). Plaintiff argued that the line of cases holding that the Pennsylvania savings statute bars cases first filed out of state should be entirely redrawn, leaning on the rationale elucidated in the dissent in *Jewelcor, Inc. v. Karfunkel*. 517 F.3d 672, 678 (3d Cir. 2008) (Smith, J., dissenting); Doc. 25 (Br. in Opp.). Unfortunately for Plaintiffs, since the briefs here were submitted, the Third Circuit explicitly rejected this argument in *Paradigm*, reaffirming *Jewelcor* and holding again that the savings statute does not protect cases first filed in other states. *See Paradigm*, 2025 WL 2659262, at *2 ("[Plaintiff] is thus forced to rely repeatedly not on the *Jewelcor* opinion of the court, but rather the *Jewelcor* dissent. That never works. Absent an intervening contrary state-court opinion, *Jewelcor*'s understanding of

Accordingly, the Pennsylvania savings statute does not prevent the application of the Pennsylvania statute of limitations, and Plaintiffs' claims remain untimely.

As Plaintiffs' claims are untimely under Pennsylvania law, Defendant's motion to dismiss is granted. Plaintiffs' claims are dismissed, and leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[22] A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[23] Although there is a "liberal pleading philosophy of the federal rules" no amendment will be permitted because another opportunity to plead a case would be futile.[24] As no change in pleading can alter the date that the complaint was originally filed, nor the date that Plaintiffs discovered the facts leading to the action, I find that providing Plaintiffs leave to amend would be futile. Therefore, Plaintiffs' claims are dismissed with prejudice.

---

Pennsylvania state law binds this Court. And that understanding forecloses [Plaintiff's] reading of the [savings] statute."). Therefore, as the Third Circuit has explicitly instructed, the Pennsylvania savings statute cannot rescue Plaintiffs' claims from the statute of limitations here.

[22] *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).
[23] *Id.*
[24] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

## III. CONCLUSION

Defendant's motion to dismiss is granted. Plaintiffs' claims against Defendant Citizens & Northern Bank are dismissed with prejudice. The Clerk of Court will be directed to close this case.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge